**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JOHN VITORINO,**

    **Plaintiff,**

v.                                                            **Case No:**

**SYNCHRONY BANK,**

    **Defendant.**                             **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **JOHN VITORINO** ("Mr. Vitorino" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, SYNCHRONY BANK** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Mr. Vitorino's Cellular Telephone after Mr. Vitorino demanded that Defendant stop calling his Cellular Telephone, which can reasonably be expected to harass Mr. Vitorino.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA and the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiff, Mr. Vitorino, was and is a natural person and, at all times material hereto, is an adult, a resident of Pasco County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Mr. Vitorino is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 727-***-9538 ("Mr. Vitorino's Cellular Telephone").

6. At all times material hereto, Defendant was and is a bank with its principle place of business in the State of UT located at 170 West Election Road, Suite 125, Draper, UT 84020.

### *Statements of Fact*

7. Under information and belief, Mr. Vitorino opened two credit card accounts with Defendant ("Accounts").

8. Sometime thereafter, Mr. Vitorino encountered financial difficulties and fell behind on his payments toward the Accounts and incurred an outstanding balance owed thereunder ("Debt").

9. In or around May 2018, Defendant began placing calls to Mr. Vitorino's Cellular Telephone in attempts to collect the Debt.

10. Mr. Vitorino spoke with Defendant in May of 2018 and demanded Defendant stop calling his Cellular Telephone.

11. Defendant advised Mr. Vitorino that he would be removed from their call list.

12. Despite Mr. Vitorino's demand and Defendant stating that Mr. Vitorino will be removed from their call list, Defendant continued to place calls to Mr. Vitorino's Cellular Telephone in attempts to collect the Debt.

13. Defendant has called Mr. Vitorino's Cellular Telephone at least one hundred (100) times during the time period from May of 2018 to the present date.

14. Defendant called Mr. Vitorino's Cellular Telephone from several different telephone numbers.

15. Defendant was aware that Mr. Vitorino did not authorize its calls to his Cellular Telephone because Mr. Vitorino had sued Defendant once before for the same harassing collection activities.  *See* Middle District of Florida Case No. 8:16-cv-01504-EAK-TBM.

16. All of Defendant's calls to Mr. Vitorino's Cellular Telephone were placed in an attempt to collect the Debt.

17. Defendant has harassed Mr. Vitorino due to the timing and frequency of Defendant's calls.

## *Count 1: Violation of the Telephone Consumer Protection Act*

18. Mr. Vitorino re-alleges paragraphs 1-17 and incorporates the same herein by reference.

19. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

20. Mr. Vitorino revoked consent to have Defendant call him Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around May of 2018 when he expressly told Defendant to stop calling him.

21. Despite this revocation of consent, Defendant thereafter called Mr. Vitorino's Cellular Telephone at least one hundred (100) times.

22. Defendant did not place any emergency calls to Mr. Vitorino's Cellular Telephone.

23. Defendant willfully and knowingly placed non-emergency calls to Mr. Vitorino's Cellular Telephone.

24. Mr. Vitorino knew that Defendant called Mr. Vitorino's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

25. Mr. Vitorino knew that Defendant called Mr. Vitorino's Cellular Telephone using a prerecorded voice because Defendant left Mr. Vitorino at least one voicemail using a prerecorded voice.

26. Defendant used an ATDS when it placed at least one call to Mr. Vitorino's Cellular Telephone.

27. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Vitorino's Cellular Telephone.

28. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Vitorino's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Vitorino's Cellular Telephone.

30. At least one call that Defendant placed to Mr. Vitorino's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

31. At least one call that Defendant placed to Mr. Vitorino's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

32. At least one call that Defendant placed to Mr. Vitorino's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

33. At least one call that Defendant placed to Mr. Vitorino's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

34. At least one call that Defendant placed to Mr. Vitorino's Cellular Telephone was made using a prerecorded voice.

35. Defendant has recorded at least one conversation with Mr. Vitorino.

36. Defendant has recorded more than one conversation with Mr. Vitorino.

37. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Vitorino, for its financial gain.

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Vitorino's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

39. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Vitorino, despite individuals like Mr. Vitorino revoking any consent that Defendant believes it may have to place such calls.

40. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Vitorino's Cellular Telephone.

41. Defendant has corporate policies to abuse and harass consumers like Mr. Vitorino.

42. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

43. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

44. Defendant's phone calls harmed Mr. Vitorino by causing him embarrassment.

45. Defendant's phone calls harmed Mr. Vitorino by causing him emotional distress.

46. Defendant's phone calls harmed Mr. Vitorino by causing him to lose sleep.

47. Defendant's phone calls harmed Mr. Vitorino by causing him stress.

48. Defendant's phone calls harmed Mr. Vitorino by causing him anxiety.

49. Defendant's phone calls harmed Mr. Vitorino by causing him aggravation.

50. Defendant's phone calls harmed Mr. Vitorino by causing him annoyance.

51. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

52. Mr. Vitorino re-alleges paragraphs 1-17 and incorporates the same herein by reference.

53. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Vitorino's Cellular Telephone despite Mr. Vitorino's demand that Defendant cease its call and Defendant stating that they will remove Mr. Vitorino from their call list, which can reasonably be expected to harass Mr. Vitorino, especially when Mr. Vitorino had sued Defendant before for the same harassing collection activity.

54. As a result of the above violations of the FCCPA, Mr. Vitorino has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

55. Defendant's phone calls harmed Mr. Vitorino by causing him embarrassment.

56. Defendant's phone calls harmed Mr. Vitorino by causing him emotional distress.

57. Defendant's phone calls harmed Mr. Vitorino by causing him to lose sleep.

58. Defendant's phone calls harmed Mr. Vitorino by causing him stress.

59. Defendant's phone calls harmed Mr. Vitorino by causing him anxiety.

60. Defendant's phone calls harmed Mr. Vitorino by causing him aggravation.

61. Defendant's phone calls harmed Mr. Vitorino by causing him annoyance.

62. It has been necessary for Mr. Vitorino to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

63. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, John Vitorino, demands a trial by jury on all issues so triable.

Respectfully submitted this **March 19, 2019**,

> */s/ Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Florida Bar No. 74864
> mike@zieglerlawoffice.com
>
> */s/ Kaelyn Steinkraus*
> Kaelyn Steinkraus, Esq.
> Florida Bar No. 125132
> kaelyn@zieglerlawoffice.com
>
> Law Office of Michael A. Ziegler, P.L.
> 2561 Nursery Road, Suite A
> Clearwater, FL 33764
> (p) (727) 538-4188
> (f) (727) 362-4778
> Attorneys and Trial Counsel for Plaintiff